IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Willie Young,  Petitioner,  v.  Warden Tonya James,  Respondent. | C/A No. 6:22-428-CMC  **Order** |

This matter is before the court on Petitioner's *pro se* petition filed in this court pursuant to 28 U.S.C. §2254, challenging his convictions in state court for armed robbery. ECF No. 1. He alleges he was acquitted of possession of the weapon and therefore could not have been convicted of armed robbery, as the prosecutor failed to prove the elements of the crime. *Id.* He also argues his indictment was not returned in open court and therefore the grand jury was impaneled illegally. *Id.* at 7.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On March 16, 2022, the Magistrate Judge issued a Report recommending this matter be dismissed as successive. ECF No. 10. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner has not filed objections and the time to do so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the record, the applicable law, and the Report of the Magistrate Judge, the court finds no clear error. A previous § 2254 petition filed by Petitioner was dismissed on the merits (see C/A No. 6:07-2893). As there is no indication Petitioner received permission from the Fourth Circuit to file the instant petition, the current petition is successive. Accordingly, the court adopts and incorporates the Report and Recommendation by reference into this Order. This matter is dismissed without requiring Respondent to file a return.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,*

537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED**.

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
January 3, 2023